UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIMOTHY W.,

                        Plaintiff,                          **DECISION AND ORDER**

            v.                                                        1:20-CV-01134 EAW

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

<u>**INTRODUCTION**</u>

Represented by counsel, plaintiff Timothy W. ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his application for disability insurance benefits ("DIB"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 14; Dkt. 20), and Plaintiff's reply (Dkt. 21). For the reasons discussed below, Defendant's motion (Dkt. 20) is denied and Plaintiff's motion (Dkt. 14) is granted in part. The matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

**BACKGROUND**

Plaintiff protectively filed his application for DIB on August 30, 2016. (Dkt. 12 at 14, 120).[1]  In his application, Plaintiff alleged disability beginning October 1, 2015, but he later amended the alleged onset date to May 18, 2014. (*Id.* at 14, 90).  Plaintiff's application was initially denied on November 15, 2016. (*Id.* at 14, 130-41).  At Plaintiff's request, hearings were held before administrative law judge ("ALJ") Stephen Cordovani on November 26, 2018, and before ALJ Melissa Lin Jones on April 9, 2019. (*Id.* at 36-119).  On April 17, 2019, ALJ Jones issued an unfavorable decision. (*Id.* at 11-28).  Plaintiff requested Appeals Council review; his request was denied on June 23, 2020, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-10).  This action followed.

**LEGAL STANDARD**

**I.   District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g).  "Substantial evidence means more

---

[1]     When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).  However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law."  *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.    <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id*. § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.   The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520. Initially, the ALJ determined that Plaintiff last met the insured status requirements of the Act on December 31, 2015. (Dkt.

12 at 16).  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity from May 18, 2014, the alleged onset date, through the date last insured.  (*Id*.).

At step two, the ALJ found that through the date last insured Plaintiff suffered from the severe impairments of atrial fibrillation, hypertension, and coronary artery disease. (*Id*.).  The ALJ further found that Plaintiff's medically determinable impairments of left orbital fracture, small hiatal hernia, cerebral infarction, alcohol abuse disorder, hemoptysis, degenerative disc disease of the lumbar spine, and shoulder impairment were non-severe. (*Id*. at 16-18).

At step three, the ALJ found that through the date last insured Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing.  (*Id*. at 18).  The ALJ particularly considered the criteria of Listings 4.02 and 4.05 in reaching her conclusion.  (*Id.* at 18-19).

Before proceeding to step four, the ALJ determined that through the date last insured Plaintiff retained the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b).  (*Id.* at 19).  At step four, the ALJ relied on the testimony of a vocational expert ("VE") to find that through the date last insured Plaintiff was capable of performing his past relevant work as a utilities clerk.  (*Id.* at 21).  In the alternative, at step five, the ALJ relied on the VE's testimony to conclude that, through the date last insured and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of office clerk, file clerk, cashier I, and billing

clerk.  (*Id.* at 22-23).  Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act at any time from the alleged onset date through the date last insured.  (*Id.* at 23).

## II.   Remand of this Matter for Further Proceedings Is Necessary

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing: (1) Plaintiff's impairments meet or medically equal the criteria of Listing 4.05; (2) the Appeals Council erred in its assessment of the medical opinion of Plaintiff's treating cardiologist; and (3) the ALJ failed to account for symptoms associated with Plaintiff's repeated syncopal episodes in the RFC finding.  (Dkt. 14-1 at 18-27).  For the reasons set forth below, the Court finds that the Appeals Council improperly assessed new and material evidence and that this error necessitates remand for further administrative proceedings.

### A.   Appeals Council Assessment of Additional Evidence

Plaintiff submitted to the Appeals Council an opinion from his treating cardiologist, Dr. Chee H. Kim, stating that his cardiac condition met the requirements of Listing 4.05 prior to December 31, 2015.  (Dkt. 12 at 34).  Dr. Kim explained that Plaintiff had experienced three episodes of cardiac syncope hospitalizations on May 18, 2014, September 2, 2014, and February 3, 2015.  (*Id.*).  Dr. Kim further explained that the requisite coincident Holter and/or electrocardiography testing had occurred on June 24, 2014, August 29, 2014, and February 3, 2015.  (*Id.*).  In denying Plaintiff's request for review, the Appeals Council found that there was not a "reasonable probability that [Dr. Kim's opinion] would change the outcome of the decision," and did not exhibit the evidence.  (Dkt. 12 at 6).

"[T]he Appeals Council, in reviewing a decision based on an application for benefits, will consider new evidence only if (1) the evidence is material, (2) the evidence relates to the period on or before the ALJ's hearing decision, and (3) the Appeals Council finds that the ALJ's decision is contrary to the weight of the evidence, including the new evidence." *Rutkowski v. Astrue*, 368 F. App'x 226, 229 (2d Cir. 2010) (citing 20 C.F.R. § 416.1470); *see also Graham v. Berryhill*, 397 F. Supp. 3d 541, 557 n.10 (S.D.N.Y. 2019) (when faced with an argument that the Appeals Council failed to appropriately consider the new evidence submitted to it, "the court is expected to determine if the new evidence results in the ALJ's decision not being supported by substantial evidence or otherwise runs afoul of [42 U.S.C.] section 405(g)").

Here, the Court agrees with Plaintiff that the additional material submitted to the Appeals Council renders the ALJ's decision unsupported by substantial evidence.  As an initial matter, the Court notes that because Plaintiff filed his application before March 27, 2017, the treating physician rule, under which a treating physician's opinion is entitled to "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record," 20 C.F.R. § 404.1527(c)(2), is applicable.   The Second Circuit has held that an ALJ's RFC finding is not supported by substantial evidence where the treating physician rule applies and a plaintiff submits to the Appeals Council an opinion from a treating physician "that is (1) generally entitled to controlling weight, (2) likely dispositive on the issue of disability (if entitled to controlling weight), and (3) uncontroverted by other evidence in the record." *Lesterhuis v. Colvin*, 805 F.3d 83, 88 (2d Cir. 2015).

These criteria are satisfied here. As noted above, the treating physician rule applies in this case, and it is undisputed that Dr. Kim qualifies as a treating physician. (*See* Dkt. 12 at 21 (ALJ giving "great weight" to earlier opinion from Dr. Kim, in part because he was Plaintiff's treating cardiologist)). Dr. Kim's opinion, if credited, would compel the conclusion that Plaintiff was disabled prior to the date last insured. Further, the parties have pointed to no other opinion evidence of record specifically addressing whether Plaintiff's cardiac impairments met or medically equaled the severity of Listing 4.05 prior to the date last insured.

The Court further agrees with Plaintiff that the Appeals Council committed error by failing to substantively assess Dr. Kim's opinion. While it "is not clear that the Appeals Council must in all cases provide 'good reasons' for failing to credit newly submitted material evidence," *Coulter v. Berryhill*, No. 15-CV-849A, 2017 WL 4570390, at *9 (W.D.N.Y. Sept. 5, 2017), *report and recommendation adopted*, No. 1:15-CV-00849 (MAT), 2017 WL 4541010 (W.D.N.Y. Oct. 11, 2017), courts in this District have held that "when claimants submit to the Appeals Council treating-physician opinions on the nature and severity of their impairments during the relevant period of disability, the treating physician rule applies, and the Appeals Council must give reasons for the weight accorded to that opinion." *Lalonde v. Comm'r of Soc. Sec.*, No. 6:19-CV-06411 EAW, 2020 WL 5651611 at *3 (W.D.N.Y. Sep. 23, 2020) (quotation omitted); *Stephanie T. o/b/o M.A.T. v. Comm'r of Soc. Sec.*, No. 19-CV-06229, 2021 WL 3077893 (W.D.N.Y. July 21, 2021) ("This District has repeatedly found the treating physician rule applies both to the ALJ and the Appeals Council. Consequently, like the ALJ, the Appeals Council must provide an

'explicit analysis' of the treating physician's opinion and cannot reject it with boilerplate language.") (citations omitted).

Defense counsel's substantive critiques of Dr. Kim's opinion (Dkt. 20-1 at 15-16) are misplaced. The Second Circuit held in *Lesterhuis* that where the Appeals Council has not "analyzed the substance" of a treating physician's opinion, it is not the role of the Court to make "factual and medical determinations" in the first instance. 805 F.3d at 89. This is so because the Court "may not affirm an administrative action on grounds different from those considered by the agency." *Id*. (quotation omitted); *see also Devra B. B. v. Comm'r of Soc. Sec.*, No. 6:20-CV-00643 (BKS), 2021 WL 4168529, at *7 (N.D.N.Y. Sept. 14, 2021) (explaining that the analysis required by the treating physician rule "must initially be done by the Commissioner").

However, for similar reasons, the Court is unpersuaded by Plaintiff's argument that it should assess Dr. Kim's opinion itself and determine that Plaintiff meets the requirements of Listing 4.05 and is thus entitled to benefits. "On remand, the ALJ might conclude that [Dr. Kim's] opinion is not entitled to any weight, much less controlling weight, but that determination should be made by the agency in the first instance[.]" *Lesterhuis*, 805 F.3d at 88. Remand for further administrative proceedings is the appropriate remedy here.

**B.   Plaintiff's Remaining Arguments**

To the extent Plaintiff identifies other reasons why he contends the ALJ's decision should be vacated, the Court need not reach those arguments because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary. *See, e.g., Samantha D. v. Comm'r of Soc. Sec.*,

No. 3:18-CV-1280 (ATB), 2020 WL 1163890, at *10 (N.D.N.Y. Mar. 11, 2020); *Raymond v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 232, 240-41 (W.D.N.Y. 2019).

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 20) is denied, and Plaintiff's motion for judgment on the pleadings (Dkt. 14) is granted to the extent that the matter is remanded for further administrative proceedings consistent with this Decision and Order.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  November 24, 2021
           Rochester, New York